**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN VINCENT WATERS** | : | |
| Plaintiff | : | CIVIL ACTION NO. 18-1333 |
| v. | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| **THERESA DELBALSO, Superintendent, and JOSH SHAPIRO, Attorney General of Pennsylvania** | : : | |
| | : | |
| Defendants | | |

**MEMORANDUM**

Pending before the court is the report and recommendation of the magistrate judge in this action ("Report"), which recommends that petitioner Mr. Waters' Petition for Writ of Habeas Corpus should be stayed pending litigation of Mr. Waters' state post-conviction petition and appeal. (Doc. 4). No objections have been filed to the Report. For the foregoing reasons, the court does not adopt the Report and instead, shall dismiss, without prejudice, Mr. Waters' petition as premature.

**I.      STANDARD OF REVIEW**

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31

## II. BACKGROUND

On October 25, 1981, police questioned petitioner John Vincent Waters regarding a recent homicide. (Doc. 4) (citing *Com. v. Waters*, 483 A.2d 855, 857-58 (Pa. Super. Ct. 1984)). While being questioned, petitioner "made an inculpatory statement, admitting that he had engaged in oral intercourse with the victim and then had killed him." *Id.* Petitioner, who was a juvenile at the time, was charged, tried and convicted as an adult of first degree murder and involuntary deviate sexual intercourse. (Doc. 4). On January 25, 1983, Mr. Waters was sentenced to mandatory life in prison on the first degree murder charge. (Doc. 4) (citing Doc. 1).

Petitioner's relevant challenges to his life sentence began with a post-conviction relief petition ("PCRA") filed in state court on July 3, 2012[1] and two petitions for writ of habeas corpus that were filed in federal court on June 19, 2013 and June 28, 2013. On April 10, 2014, Mr. Waters' federal petitions were consolidated at case number 3:13-CV-01662. Petitioner's state and federal petitions were both subsequently stayed pending the result of cases before the United States Supreme Court that questioned whether the Court's holding in *Miller v. Alabama* - that it is unconstitutional to sentence a minor to mandatory life imprisonment without parole - should be applied retroactively. (Docs. 11-12); *Miller v. Alabama*, 567 U.S. 460 (2012). On January 25, 2016, in *Montgomery v. Louisiana,* the Supreme Court held that *Miller* applies retroactively in cases on state collateral review. *Montgomery v. Louisiana*, 136 S.Ct. 718 (U.S. 2016).

In light of the Supreme Court's decisions in *Miller* and *Montgomery*, on July 11, 2016, this court granted Mr. Waters' petition for writ of habeas corpus and remanded his case to the Court of Common Pleas of Cumberland County for resentencing.

---

[1] *See* Court of Common Pleas of Cumberland County Pennsylvania, docket number CP-21-CR-0000893-1981

- 3 -

On December 4, 2017, the Court of Common Pleas of Cumberland County resentenced petitioner to an imprisonment period of thirty-five years to life for his criminal homicide charge. Petitioner filed a motion to modify his sentence on December 13, 2017, which was denied by the state court on December 15, 2017. Then, a petition to withdraw as counsel for Mr. Waters was filed on December 22, 2017 and granted by the state court on December 28, 2017. After a public defender was appointed to represent him, Mr. Waters filed a notice of appeal and he was granted leave to appeal *in forma pauperis* on January 11, 2018. Mr. Waters' state court appeal is still pending today.

### III. DISCUSSION

A district court may only entertain a claim raised under 28 U.S.C. §2254 that is filed within the one year statute of limitations. 28 U.S.C. §2244(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as relevant here, runs from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D); *see also Kaprai v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999). The statute of

limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(1)(2); *Wilson*, 426 F.3d at 659; *Merritt v. Blaine*, 326 F.3d 157, 161-62 (3d Cir. 2003). "[An] application is '*properly* filed' when its delivery and acceptance" comply with state procedural rules. *Merritt*, 326 F.3d at 162 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Any decision by a state court finding an appeal or petition to be untimely is dispositive of the issue for the district court. *Merritt*, 326 F.3d at 165-66.

In addition, the district court may grant a petition only if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. §2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . .by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

The exhaustion requirement is excused if it would be futile because "there is an absence of available State corrective process," such as where an appeal or petition would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(i), (ii); *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681).

"To establish entitlement to a stay, rather than dismissal, of an unexhausted habeas petition, a petitioner must satisfy three requirements: (1) "good cause," (2) "potentially meritorious claims," and (3) "a lack of intentionally dilatory litigation tactics." *Tarselli v. Superintendent Greene SCI*, 726 Fed.Appx. 869, 874 (3d Cir. 2018) (citations omitted). While the Third Circuit has not "definitively outline[d] the bounds of [good cause]" *Heleva v. Brooks*, 581 F.3d 187, 192 n. 3 (3d Cir. 2009), district courts should consider how much time remains for a petitioner to file a subsequent petition in determining whether good cause exists. *Tarselli*, 726 Fed.Appx. at 875.

As indicated earlier, petitioner diligently filed a state court appeal of his new sentence and that appeal is still pending today. Thus, petitioner's new sentence is not yet considered a final judgment under 28 U.S.C. §2244 because petitioner's appeal has not concluded. Thus, petitioner's one year statute of limitations for filing a federal habeas corpus petition has not begun

to run. While the magistrate judge in this case found that petitioner's concerns about his federal claims being time-barred "may constitute good cause warranting a stay", he also indicated in his Report, "…it seems unlikely that claims arising out of Waters' December 2017 [resentencing] would ultimately be considered time-barred…" (Doc. 4 at 11). In addition, Mr. Waters did not indicate any reasons that would qualify as good cause warranting a stay in his petition. Specifically, when asked to explain why he did not exhaust his state court remedies, Mr. Waters merely stated "Appeal pending." (Doc. 1)

Because petitioner's state court appeal is still pending, he has failed to properly exhaust his state court remedies. Additionally, petitioner's one year statute of limitations will not begin to run until his judgment is considered final. Therefore, at this time, there is no good cause warranting a stay of Mr. Waters' petition and it shall be dismissed without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is not proper until petitioner exhausts his state court remedies.

## V.　CONCLUSION

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 7, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1333-01.docx